1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY DALE MITCHELL,                    No.  2:15-cv-1029 GEB AC P

12                Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   S. TSENG, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested appointment of counsel and authority pursuant to 28 U.S.C. § 1915 to proceed in

19   forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20   U.S.C. § 636(b)(1).

21        I.        Request to Proceed In Forma Pauperis

22        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23   1915(a).  ECF Nos. 7, 10.  Accordingly, the request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

                                                1

1   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4   1915(b)(2).

5       II.    <u>Statutory Screening of Prisoner Complaints</u>

6         The court is required to screen complaints brought by prisoners seeking relief against a

7   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir.

17  1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18  meritless legal theories or whose factual contentions are clearly baseless.") (citation and internal

19  quotations omitted)), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203

20  F.3d 1122, 1130 (9th Cir. 2000); <u>Franklin</u>, 745 F.2d at 1227.

21        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

22  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

23  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550

24  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

25  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

27  allegations sufficient "to raise a right to relief above the speculative level."  <u>Id.</u> (citations

28  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

2

1   merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

2   (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

3   ed. 2004)).

4       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

6   Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

7   content that allows the court to draw the reasonable inference that the defendant is liable for the

8   misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

9   under this standard, the court must accept as true the allegations of the complaint in question,

10  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

11  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13      III.    Complaint

14      Plaintiff alleges that in March of 2008, he was misdiagnosed with hepatocellular

15  carcinoma.[1] ECF No. 1 at 3.  Plaintiff further alleges that defendant Tseng informed him that the

16  cancer had metastasized to other organs, including his lungs; that Tseng believed that plaintiff had

17  ninety days or less to live due to the advanced nature of the cancer; and that there were no

18  treatment options.  Id.  Defendant Tseng then recommended that plaintiff be transferred to a

19  hospice unit and plaintiff was transferred to hospice on April 10, 2008.  Id.  Plaintiff remained in

20  hospice until January 27, 2009.  Id. at 4.  It appears that after plaintiff was removed from hospice,

21  a biopsy was done on the mass on his liver and it was determined to be benign.  Id.  Plaintiff

22  claims that he was traumatized by his time in hospice because while there he "watched

23  approxiamatly [sic] (28) people pass away after getting to know them and watching the entire

24  process of what happens to them after the[ir] passing."  Id. at 3.  He claims he was further

25  traumatized when, shortly after his release from hospice, he discovered that his sister was dying

26  of cancer.  Id. at 4.  Plaintiff states that he was recently informed during a telemedicine

27

28  [1] The most common form of liver cancer.  See http://www.mayoclinic.org/diseases-conditions/liver-cancer/basics/definition/con-20025222.

3

1   appointment that he had been misdiagnosed.  Id.  He alleges that defendants Tseng and Todd

2   were deliberately indifferent to his serious medical needs because they failed to order a diagnostic

3   liver biopsy before sending him to the hospice unit.  Id.

4         IV.     Deliberate Indifference to Medical Needs

5                 A.     Legal Standard

6         "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

7   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

8   1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires

9   plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

10  condition could result in further significant injury or the unnecessary and wanton infliction of

11  pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d

12  at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation and internal

13  quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d

14  1133 (9th Cir. 1997) (en banc)).

15        Deliberate indifference is established only where the defendant *subjectively* "knows of and

16  disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057

17  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

18  indifference can be established "by showing (a) a purposeful act or failure to respond to a

19  prisoner's pain or possible medical need and (b) harm caused by the indifference."  Jett, 439 F.3d

20  at 1096 (citation omitted).  Civil recklessness (failure to act in the face of an unjustifiably high

21  risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth

22  Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994).

23        A difference of opinion between an inmate and prison medical personnel—or between

24  medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

25  establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

26  Toguchi, 391 F.3d at 1058.  "[A] complaint that a physician has been negligent in diagnosing or

27  treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

28  Amendment.  Medical malpractice does not become a constitutional violation merely because the

4

1    victim is a prisoner." Estelle, 429 U.S. at 106.

2        B.    Failure to State a Claim

3    Plaintiff alleges that he was mentally and emotionally traumatized when he was housed in

4    a hospice unit for approximately nine months after being misdiagnosed as having untreatable,

5    terminal liver cancer.  ECF No. 1 at 3-4.  He states that defendants Tseng and Todd were

6    deliberately indifferent to his serious medical needs when they failed to order a diagnostic liver

7    biopsy prior to sending him to the hospice unit.  These allegations fail to state a claim.

8        Plaintiff's allegation that defendants should have ordered further diagnostic testing,

9    specifically a biopsy, constitutes a difference of opinion as to his diagnosis and treatment, and his

10   misdiagnosis is, at worst, medical malpractice.  Neither of these things rises to the level of an

11   Eighth Amendment violation.  Merrit v. Dang, No. 1:04-cv-06727-OWW-LJO-P, 2006 WL

12   657125, at *1-2; 2006 U.S. Dist. LEXIS 10620, at *3-5 (E.D. Cal. Mar. 14, 2006, adopted in full

13   April 25, 2006[2]) (no Eighth Amendment violation where plaintiff claimed biopsy would have

14   prevented misdiagnosis that resulted in unnecessary surgery and plaintiff believing that he had

15   lung cancer for approximately ten months); Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir.

16   2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a

17   hernia was negligent misdiagnosis or disagreement with diagnosing doctor and did not constitute

18   deliberate indifference).

19       Plaintiff's claims against defendants Tseng and Todd are also undermined by the

20   oncology/hematology telemedicine consultation report he relies on to show that he was

21   misdiagnosed.  ECF No. 1 at 26-27.  The report states that plaintiff was "diagnosed at University

22   of California Davis Medical Center Hepatology Clinic."  Id. at 26.  The clinic is referred to as "a

23   world famous liver transplant facility at that time."  Id.  The report further notes that plaintiff "had

24   appropriate care and had clinical diagnosis consistent with hepatocellular carcinoma despite

25   nondiagnostic biopsy.  The [plaintiff's] clinical course, however, would rule out metastatic

26   hepatocellular carcinoma."  Id.  In order to establish an Eighth Amendment violation based on a

27

28   _____
     [2]  2006 WL 1085081; 2006 U.S. Dist. LEXIS 26617.

1    difference of opinion, plaintiff must show that defendants' decision was "medically

2    unacceptable." Toguchi, 391 F.3d at 1058, (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th

3    Cir. 1996)).  The report plaintiff attaches to the complaint indicates that neither defendant was

4    involved with his diagnosis and that the diagnosis and treatment were appropriate under the

5    circumstances, although ultimately incorrect.

6         C.    No Leave to Amend

7         If the court finds that a complaint should be dismissed for failure to state a claim, the court

8    has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130

9    (9th Cir. 2000).  Leave to amend should be granted if it appears possible that the defects in the

10   complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v.

11   United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

12   amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

13   the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809

14   F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a

15   complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Id. at

16   1105-06.

17        The undersigned finds that, as set forth above, the complaint fails to state a claim upon

18   which relief may be granted.  Moreover, given the nature of the claims plaintiff is making, this

19   court is persuaded that, while plaintiff may be able to state a cognizable state tort claim, he is

20   unable to allege any additional facts that would state a cognizable federal claim.  Because

21   plaintiff's Eighth Amendment claims should be dismissed without leave to amend, any state

22   claims should be dismissed as well, making amendment futile.  28 U.S.C. § 1367; United Mine

23   Workers of Am. V. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before

24   trial . . . the state claims should be dismissed as well.").  "A district court may deny leave to

25   amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir.

26   2013) (citing Chappel v. Laboratory Corp. of  Am., 232 F.3d 719, 725-26 (9th Cir. 2000)).  For

27   these reasons, the undersigned recommends dismissal of the complaint without leave to amend.

28   ////

V.     Motion for Appointment of Counsel

Plaintiff has filed a motion for counsel.  ECF No. 2.  the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), but in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1),  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Because the undersigned is recommending dismissal of the complaint, and it does not appear that plaintiff can amend the complaint to state a federal claim, the motion for appointment of counsel will be denied.

VI.     Summary

Plaintiff's application to proceed in forma pauperis is granted.

The court recommends dismissing plaintiff's complaint without leave to amend because the alleged misdiagnosis is a difference of opinion and possibly medical malpractice.  A difference of opinion and medical malpractice are not enough to state a claim under the Eighth Amendment for deliberate indifference.  The court will not consider state claims without a related federal claim.

Plaintiff's motion for counsel is denied because of the recommendation that the complaint be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's motion for appointment of counsel (ECF No. 2) is denied.

IT IS FURTHER RECOMMENDED that:

1.  The complaint be dismissed without leave to amend.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATE: March 28, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8